**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ROYA EFTEKHARY, an individual | ) | Case No. 13-16654 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |
| | ) | |
| | ) | Hearing: October 24, 2013 at 10:00 a.m. |
| | ) | |

**NOTICE OF MOTION**

To:     See attached service list

PLEASE TAKE NOTICE that on **October 24, 2013, at 10:00 A.M.,** I shall appear before the honorable Pamela S. Hollis, or any other Judge sitting in her stead, in Courtroom 644, Dirksen Federal Building, 219 S. Dearborn St., Chicago, IL 60604, and will present the **Motion to Modify Automatic Stay**, a copy of which is enclosed herewith and served upon you.  At which time and place you may appear and be heard.

/s/ Artur Zadrozny

Forrest L. Ingram, #3129032
Artur Zadrozny, #6308234
Forrest L. Ingram, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838

**CERTIFICATE OF SERVICE**

I, Forrest L. Ingram, an attorney, certify that I have served a true and correct copy of the above and foregoing notice and the documents to which it refers on those whose names appear on the attached service list by electronic case filing, or by US Mail, as indicated on the list, on October 17, 2013.

/s/ Artur Zadrozny

## Service List

**Via CM/ECF:**

Patrick S Layng
Office of the U.S. Trustee, Region 11
219 S Dearborn St, Room 873
Chicago, IL 60604-2027

The Bank of New York Mellon, as Trustee for
Bear Stearns Asset Backed Securities Trust 2003-AC4
c/o Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

Itasca Bank & Trust Co.
c/o Regas, Frezados & Dallas
111 West Washington Street, Suite 1525
Chicago, IL 60602-2727

Itasca Bank & Trust Co.
c/o Robbins, Salomon & Patt, Ltd.
180 North LaSalle Street, Suite 3300
Chicago, Illinois 60601

U.S. Bank N. A., as trustee for certificate holders of
Bear Stearns Asset Backed Securities I, LLC,
Asset Backed Certificates, Series 2007-HE3
c/o Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

Wells Fargo Bank N.A.
c/o Codilis & Associates PC
15W030 North Frontage Road Suite 100
Burr Ridge, IL 60527-6921

Wells Fargo Bank, N.A.
c/o Pierce & Associates
1 N. Dearborn Ste 1300
Chicago, IL 60602-4373

**Via US Mail**

Roya Eftekhary
1415 Michelline Court
Hoffman Estates, IL 60192

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| ROYA EFTEKHARY, an individual | ) | Case No. 13-16654 |
| | ) | |
| Debtor. | ) | Judge Pamela S. Hollis |
| | ) | |
| | ) | Hearing: October 24, 2013 at 10:00 a.m. |
| | ) | |

**MOTION TO MODIFY AUTOMATIC STAY**

Debtor and Debtor in Possession, Roya Eftekhary ("Roya"), pursuant to 11 U.S.C. §

362(d)(1),  moves this Honorable Court to modify the automatic stay for cause to permit the

Circuit Court of the Fist Judicial District (the "State Court") to continue with the Debtor's

dissolution of marriage proceeding with respect to equitable distribution of property.  In support

of the motion, Roya respectfully states as follows:

1.      On April 22, 2013 Roya has filed a voluntary petition under Chapter 11, title 11,

United States Code, and pursuant thereto has remained in possession of the Debtor' assets.

2.      Roya's estranged husband, Hank Eftekhary ("Hank"), filed a Chapter 13 case on

July 25, 2013.  However, that case was dismissed on October 16, 2013.

3.      Before either case was filed, Roya initiated a dissolution of marriage proceeding

on August 8, 2012 in State Court, case No. 2012 D 008058.  Due to Roya's bankruptcy, all

matters in the divorce case are stayed and the case is currently on the State Court's bankruptcy

calendar.

4.      Section 362(a) of the Bankruptcy Code does not stay the State Court from

dissolving Roya's and Hank's marriage or establishing domestic-support obligations. It does,

however, prevent it from dividing their marital property to the extent it consists of property of both Roya's and Hank's bankruptcy estates.  *See* 11 U.S.C. §362(b)(2)(A)(ii),(iv).

5.      Section 362(d)(1) of the Bankruptcy Code authorizes a creditor to obtain relief from the automatic stay for "cause".  11 U.S.C. § 362(d)(1).  The bankruptcy code does not define what constitutes "cause", however, court have ruled that a pendency of martial litigation to which the debtor is a party is a cause to modify the stay. *See White v. White, (In re White)*, 851 F.2d 170, 172-74 (6th Cir. 1998).

6.      Although this Court determines what is considered the property of the bankruptcy estate, the nature and extent of Roya's legal and equitable interests in property are determined by state law. *Butner v. United States,* 440 U.S. 48, 55 (1979).  When Roya's petition was filed, the dissolution of marriage action was already pending and the nature and extent of her interest in property of the marital estate requires the application of state law.  Under Illinois law, each spouse gets a property interest in all marital property, no matter which spouse holds legal title to the property, which vests when the divorce petition is filed.  Section 503(e) of the Illinois Marriage and Dissolution Act provides that "each spouse has a species of common ownership in the marital property which vests at the time dissolution proceeds are commenced and continues only during the pendency of the action." 750 ILCS 5/503(e).  Once the divorce court or the bankruptcy court enters an order of equitable distribution or a final judgment, the contingent interest vests into a full ownership interest for any property distributed to such spouse.  *In re Skorich*, 482 F.3d 21, 24-25, (1st Cir.2007.)

7.      Bankruptcy courts have generally deferred to state courts to deal with divorce matters by lifting the automatic stay and letting the state court equitably distribute martial property.  Here, once the stay is lifted, the State Court can determine Roya's interest in the

marital property under the applicable state law.  The Bankruptcy Court would then be authorized to enforce the State Court's decision by distribution that property.

     **WHEREFORE**, the Debtor, Roya Eftekhary, respectfully requests that this Court enter an order modifying the automatic stay to allow the Debtor to continue with her divorce case and allow the State Court to equitably distribute Debtor's property and for other such relief this court deems just.

Dated: October 17, 2013

Respectfully submitted,
Roya Eftekhary

By:

/s/ Forrest L. Ingram
One of Debtor's attorneys

Forrest L. Ingram, #3129032
Artur Zadrozny, #6308234
FORREST L. INGRAM, P.C.
79 W. Monroe St., Suite 900
Chicago, IL 60603
(312) 759-2838